IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| CHARLES JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| CARSON WILLIAMS, ) | JURY DEMAND |
| Defendant ) | |
| ) | |
| GEORGE GANETTE, ) | |
| Defendant ) | |
| ) | |
| PHILLIP BATTS, ) | |
| Defendant ) | |
| ) | |
| SHIRLEY MOYERS, ) | |
| Defendant ) | |
| ) | |
| TOWN OF DANDRIDGE POLICE DEPT., ) | |
| Defendant ) | |
| ) | |
| and ) | |
| ) | |
| TOWN OF DANDRIDGE, TENNESSEE, ) | |
| Defendant ) | |

# COMPLAINT

The Plaintiff, Charles Jackson, hereby brings suit against the Defendants as follows:

## PARTIES

1. During the events described herein, Plaintiff Charles Jackson was and still is a citizen and resident of Jefferson County, Tennessee.

2. The Town of Dandridge Police Department is the law enforcement organization serving the Town of Dandridge, Tennessee.

3. Carson Williams is the Chief of the Dandridge Police Department.

4. Defendant Phillip Batts was an officer with the Dandridge Police Department. He is sued herein individually and as an officer and representative of the Dandridge Police Department.

5. Defendant Town of Dandridge, Tennessee, is a political subdivision of the State of Tennessee.

6. Defendant George Ganette is the mayor of the Town of Dandridge, Tennessee.

7. Defendant Shirley Moyers is a citizen and resident of Talbott, Jefferson County, Tennessee.

## JURISDICTION AND VENUE

8. The Federal Court has subject matter jurisdiction because the civil rights claims listed are based on 42 U.S.C. § 1983, a federal question, and the state law claims are partly based on the same facts and covered by the Court's supplemental jurisdiction.

9. This Court has personal jurisdiction because the Defendants are citizens of the State of Tennessee and the Plaintiff resides within Jefferson County, Tennessee. All Defendants reside or are located in Jefferson County, Tennessee.

10. The amount of controversy is greater than $75,000.00. There is diversity of jurisdiction between the Plaintiff and the Defendants.

11. Venue is proper in the Eastern District of Tennessee (Greeneville Division) because the incident at issue occurred in Jefferson County, Tennessee.

12. This Court has general jurisdiction over the Defendants because the Plaintiff is a resident of Tennessee and suffered harm from the action of the Defendants in the State of Tennessee.

13. This Court has special jurisdiction over the Defendants because the Defendant the Town of Dandridge Police Department is a governmental entity within Jefferson County, and the Defendant Shirley Moyers is a citizen and resident of Jefferson County, Tennessee, which is within this Court's jurisdiction over the Eastern District of Tennessee.

14. Pursuant to *28 U.S.C. § 1391 (2011),* venue of this matter is proper before this Court because the Court has personal jurisdiction of this matter through minimal contacts and the Plaintiff resides within Jefferson County, Tennessee.

## FACTUAL BACKGROUND

15. On December 3, 2019, the Plaintiff went into Owens Restaurant, located at 834 SR-92N, Dandridge, Tennessee, 37725 to have lunch. He was eating alone. He placed his order, and was preparing to eat his meal.

16. During this time, members of the Dandridge Police Department arrived at the restaurant and approached the Plaintiff. They asked him if he knew a woman named Shirley Moyers. He stated that he did. The officers had her stand up in another part of the restaurant, which she did. The Plaintiff told the officers that he did know her.

17. The Plaintiff had had no interaction whatsoever with Shirley Moyers on that date. Once she stood up and the Plaintiff saw her, the Plaintiff told the officers that he would leave, even though he had no legal or moral duty to leave. The officers stated that he would in fact be leaving, but that he was going with them. He was not allowed to finish his meal, although he was required to pay for it. The Plaintiff was arrested and taken into custody inside the restaurant,

3

escorted outside, placed in a patrol car, and taken to the Jefferson County Detention Center, where he was placed in a cell.

18. The Plaintiff was charged with violation of an Order of Protection entered in the General Sessions Court of Jefferson County, Tennessee, Case No. 191203-032. He was kept in custody at the Jefferson County Detention Center. Bail was set in the amount of $2,500.00. The Plaintiff was held in custody until he made arrangements to post bail several hours later. He was then released on bail.

19. The criminal charge of violating an Order of Protection was dismissed once the Court's ruling that the Order of Protection which had been in place at one point had expired by operation of the law.

20. The Defendant Shirley Moyers had told the law enforcement officers, on December 3, 2019, at Owens Restaurant, that she had had an active Order of Protection against Plaintiff. This was false. The Defendant Shirley Moyers knew or should have known that the information she conveyed to the Dandridge Police Department was false.

21. The Plaintiff and the Defendant Shirley Moyers at one time had a personal relationship and a business relationship. Those relationships ended in 2017.

22. In 2017, Defendant Moyers filed a Petition for Order of Protection, listing the Plaintiff as respondent. The Plaintiff went to court, and an agreement was reached as to division of certain personalty which was at issue.

23. The arrest of the Plaintiff on December 3, 2019 occurred more than two and one-half (2-1/2) years after the entry of the above-mentioned Order of Protection.

24. December 3, 2019 was on a Tuesday. The arrest of the Plaintiff occurred shortly after 1:15 p.m. The Jefferson County Courthouse, which contains the Jefferson County General

4

Sessions Court Clerk's Office, was open for business on that date. A simple check with the Jefferson County General Sessions Court Clerk's Office would have revealed that there was no active Order of Protection governing the conduct of the Plaintiff on that date.

## CLAIMS FOR RELIEF

### COUNT 1 - False Arrest 42 U.S.C. § 1983

25. The other sections herein are incorporated by reference.

26. The arrest of the Plaintiff on December 3, 2019, without probable cause and under color of law, Defendants Batts and Moyers violated the Plaintiff's Fourth Amendment Right to be free from unreasonable searches.

27. Chief of Police Carson Williams is also liable for the misconduct complained herein.

28. The town of Dandridge, Tennessee, is liable for said misconduct.

### COUNT 2 – Malicious Prosecution 42 U.S.C. §1983

29. The other sections herein are incorporated by reference.

30. By instituting the legal proceeding against the Plaintiff with malicious and without probable cause, which legal proceeding was later dismissed involuntarily in the Plaintiff's favor, Defendant Batts and Defendant Moyer committed the common law tort of malicious prosecution.

**PREMISES CONSIDERED, PLAINTIFF CHARLES JACKSON DEMANDS THE FOLLOWS:**

(i) Nominal, compensatory damages of $750,000.00.

(ii) Punitive damages in the amount of $500,000.00.

(iii) Reasonable attorney fees, pursuant to 42 U.S.C. § 1988, and

(iv) Any further relief that the Court deems appropriate.

Respectfully submitted,

                        **CHARLES JACKSON**

                **By:**    <u>/s/ T. Wood Smith</u>
                        **T. WOOD SMITH**
                        **Attorney for Plaintiff**
                        **416 West Main Street**
                        **Greeneville, TN 37743**
                        **(423) 639-3588**
                        **BPR # 006340**
                        **Email: <u>woodman1008@comcast.net</u>**